UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEROD HASTINGS MAIR, II a/k/a GENERAL ISA ALI, | : |
| Plaintiff, | : Civ. No. 17-0643 (KM) (JBC) |
| v. | : |
| DAVE P. HICKSON, a/k/a MUHAMMAD DAWOOD, et al., | : **MEMORANDUM AND ORDER** |
| Defendants. | : |

Plaintiff is proceeding *pro se* with a civil rights complaint. Previously, this matter was administratively terminated because plaintiff had not paid the filing fee or submitted a complete application to proceed *in forma pauperis*. Plaintiff has now submitted another application to proceed *in forma pauperis*. The Clerk will be ordered to reopen this case so it can be considered.

Plaintiff's application to proceed *in forma pauperis* will be denied without prejudice. As I explained in a previous opinion, plaintiff needs to get a prisoner account statement certified from the appropriate prison official. (*See* Dkt. No. 2 at p.1) His most recent *in forma pauperis* application does not include the required certified prisoner account statement. I will therefore again deny the application without prejudice, and the case will again be administratively terminated.

If plaintiff wishes to reopen the case, he must either (a) pay the $400 filing fee or (b) submit a complete application to proceed *in forma pauperis,* including a certified prisoner account statement, within 45 days of the date of this order. If that occurs, the Court will proceed to screen the amended complaint and rule on his request for the appointment of pro bono counsel.

Accordingly, IT IS this 9th day of June, 2017,

ORDERED that the Clerk shall reopen this case; and it is further

ORDERED that plaintiff's application to proceed *in forma pauperis* (Dkt. No. 11) is denied without prejudice; and it is further

ORDERED that the Clerk shall re-administratively terminate this case; plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it will be considered timely if the original complaint was timely; and it is further

ORDERED that plaintiff may have the above entitled case reopened, if, within thirty (30) days of the date of the entry of this order, plaintiff either pre-pays the $400 filing fee **or** submits to the Clerk a complete signed *in forma pauperis* application, including a certified six-month prison account statement and complete affidavit; and it is further

ORDERED that upon receipt of a writing from plaintiff stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or filing fee within 45 days, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve on plaintiff by regular U.S. mail a copy of this order and a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case.

KEVIN MCNULTY
United States District Judge