UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHEROD HASTINGS MAIR, II a/k/a GENERAL ISA ALI,<br><br>Plaintiff,<br><br>v.<br><br>DAVE P. HICKSON, a/k/a MUHAMMAD DAWOOD, et al.,<br><br>Defendants. | Civ. No. 17-643 (KM) (JBC)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

### I. INTRODUCTION

The plaintiff, Sherod Hastings Mair, II, is confined at the Federal Medical Center in Rochester, Minnesota. He is proceeding *pro se* with a civil rights complaint. On June 30, 2017, this Court granted plaintiff's application to proceed in forma pauperis. (ECF no. 14)

The Court must now review the amended complaint (ECF no. 8) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed because, on its face, it is barred by the applicable statute of limitations. This dismissal is without prejudice to the filing of an amended complaint that sets forth an adequate basis for the court to conclude that the statute of limitations was tolled or otherwise does not bar these claims.

1

## II. BACKGROUND

The allegations of the complaint are assumed to be true for purposes of this screening. The complaint names three defendants; (1) Thelma Hickson Mair ("Thelma"), plaintiff's mother; (2) Gordon Mair ("Gordon", plaintiff's half-brother; and (3) Dave P. Hickson ("Dave"), plaintiff's half-brother. All three are civilians, not employed by the federal or state governments. The complaint alleges that at some time in 1988, when plaintiff was 21 years old, Thelma "gave drugs to Dave" who then raped plaintiff. (Amended Complaint, ECF no. 8, at 4, 5) Subsequently, in 1994, when plaintiff was 28, he was allegedly drugged and raped by Thelma and Gordon. (*Id.* at 4, 6) Plaintiff seeks damages from each defendant in the amount of $300,000 and wants them all "to go to jail for life." (*Id.* at 6 ¶7)

## III. STANDARD OF REVIEW

### A. Standard for Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28

2

U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n. 17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### IV. DISCUSSION

#### A. Statute of Limitations

Plaintiff alleges that he was sexually assaulted by defendants in 1988 and 1994. However, he did not file his original complaint until over 20 years later, in January, 2017. In New Jersey, claims such as plaintiff's are subject to a two-year statute of limitations. N.J. Stat. Ann. § 2A:14-2 ("Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued.")

The alleged acts giving rise to the claim occurred when plaintiff was sexually assaulted in 1988 and 1994. Plaintiff, an adult at the time of these alleged events, would naturally have been aware then and there of the acts

giving rise to his claims. Thus, the two-year statute of limitations began to run in 1988 and expired in 1990 for the first incident, and began to run in 1994 and expired in 1996 for the second. Plaintiff's complaint was filed in Jnauary 2017, over two decades after the statute of limitations had expired.

" 'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.' " *McPherson v. United States,* 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique,* 603 F.3d at 185). New Jersey sets forth certain bases for "statutory tolling." *See, e.g.,* N.J. Stat. Ann.. § 2A:14–21 (detailing tolling because of minority or insanity); N.J. Stat. Ann.. § 2A:14–22 (detailing tolling because of non-residency of persons liable). The complaint as pled does not allege any basis for statutory tolling; for example, the plaintiff was not a minor, nor are there indications that he would have been unable to serve absent defendants.

Additionally, New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arte Street Police Dep't,* No. 10–0497, 2010 WL 2674399, at *5 n. 4 (D.N.J. June 29, 2010) (citing *Freeman v. State,* 347 N.J. Super. 11, 31, 788 A.2d 867 (N.J. Sup. Ct. App. Div. 2002)). The amended complaint, does not articulate any basis for equitable tolling.

It is apparent from the face of the amended complaint that these claims are barred by the statute of limitations and must therefore be dismissed. *See Ostuni v. Wa Wa's Mart,* 532 F. App'x 110, 111–12 (3d Cir. 2013) ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson,* 435 F.3d 1252, 1258 (10th Cir. 2006));

4

*Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run."). However, the dismissal will be without prejudice. If plaintiff believes that he can assert facts showing that tolling is warranted, he may move to re-open this case and file an amended complaint stating the basis for that tolling.

### B. Request for Appointment of Counsel

Plaintiff has also filed a request for the appointment of counsel. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155–56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144–45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors). Additionally, the power to grant appointment of counsel lies solely in the discretion of this Court. *See id.* Appointing counsel may be made at any point during the litigation *sua sponte* or by granting a party's motion. *See id.* at 156.

In this case, the Court will deny the request for the appointment of counsel without prejudice. As described above, the complaint has been screened and is being dismissed for failure to state a claim upon which relief may be granted as the complaint is time-barred on its face. Thus, plaintiff has

failed to make a showing that there is some merit in fact or in law to the claims he is attempting to assert.

### V. CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted, as it is time-barred. Plaintiff's request for the appointment of counsel will be denied without prejudice. An appropriate order will be entered.

HON. KEVIN MCNULTY, U.S.D.J.